Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| Luis Hiram Quiñones Santiago<br><br>Recurrente<br><br>Vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrida | TA2025RA00103 | *REVISIÓN ADMINISTRATIVA*<br><br>Querella Núm.<br><br>GMA1000-274-25<br><br>SOBRE:<br><br>Solicitud De Remedio Administrativo |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Hernández Sánchez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 13 de agosto de 2025.

El 16 de julio de 2025, el Sr. Luis Hiram Quiñones Santiago (señor Quiñones o el recurrente), miembro de la población correccional, compareció ante nos, por derecho propio, *in forma pauperis,* mediante una revisión judicial la cual intituló *Apelación* y solicitó la revisión de una *Resolución* que se emitió el 5 de febrero de 2025 y se notificó el 28 de abril de 2025, por la Junta de Libertad Bajo Palabra (JLBP). Mediante el aludido dictamen, la JLBP denegó al recurrente el privilegio de libertad bajo palabra.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

Por los fundamentos que expondremos a continuación, **desestimamos** el recurso de epígrafe por falta de jurisdicción por tardío.

**I.**

Conforme surge del expediente, el señor Quiñones actualmente cumple una sentencia de noventa y nueva (99) años y noventa (90) días por asesinato en primer grado (Art. 83), asesinato en segundo grado (Art. 83), tentativa de asesinato (Art. 83), apropiación ilegal agravada (Art. 166), daño agravado (Art. 180) y conspiración (Art. 262) del Código Penal de 1974; y por resistencia u obstrucción a la autoridad pública (Art. 252) del Código Penal 2004. De igual forma, por infracción al Art. 6 (posesión de armas sin licencia) y Art. 8 (portación sin licencia de armas cargadas o sus municiones a la vez) de la Ley de Armas de 1951; y violación al Art. 18 (apropiación ilegal de vehículo-medidas penales especiales) de la Ley Núm. 8 de 5 de agosto de 1987, según enmendada. En virtud de lo anterior, tentativamente, cumplirá su sentencia el 10 de julio de 2089.

El 10 de agosto de 2019, la JLBP adquirió jurisdicción sobre el caso del recurrente para la consideración del privilegio de libertad bajo palabra. A tales efectos, el 4 de febrero de 2025, y notificada personalmente al señor Quiñones el 28 de abril de 2025, la JLBP dictó una *Resolución* en la cual le denegó dicho privilegio.[1] Allí, expresó que: (1) el recurrente no tenía una evaluación psicológica por la Sección de Programas Evaluación y Asesoramente (SPEA) vigente; (2) su oferta de empleo no pudo ser corroborada por el Departamento de Corrección y Rehabilitación (DCR); (3) el señor Quiñones contaba con un "detainer" federal activo a ser cumplido, de manera concurrente, con la sentencia estatal. Por lo cual, concluyó que el recurrente no cualificaba para beneficiarse del privilegio de libertad bajo palabra.

Así las cosas, el 27 de febrero de 2025, el señor Quiñones presentó una *Solicitud de Remedio Administrativo* con alfanumérico

---

[1] *Véase*, Entrada Núm. 4 de SUMAC, págs. 1-5.

GMA1000-274-25 ante la División de Remedios Administrativos (DRA) de la DCR.[2] Mediante esta, alegó que había radicado un remedio administrativo previo identificado como GMA1000-296-24, en la cual había solicitado que se le realizara la evaluación de terapias del SPEA. No obstante, manifestó que la Sra. Wanda Rodríguez (señora Rodríguez) le había informado que su evaluación psicológica estaba vigente. Empero, sostuvo que esto era falso ya que la *Resolución* de la JLBP disponía que adolecía de la misma. Por tanto, solicitó que la señora Rodriguez tomara acción correctiva ya que fue una de las razones por la cual se le negó el privilegio.

El 2 de mayo de 2025, la señora Rodríguez mediante la *Respuesta del Área Concernida/Superintendente* adujo que la evaluación psicológica del señor Quiñones tenía fecha del 11 de diciembre de 2021 y que esta tenía una vigencia de tres (3) años.[3] En desacuerdo, el 9 de junio de 2025, el recurrente presentó una *Solicitud de Reconsideración.*[4] Allí, sostuvo que la señora Rodríguez debió haber enviado una carta a la JLBP para que constara que su evaluación del SPEA estaba vigente y enmendaran la *Resolución*, independientemente de que hubiera otras razones por el cual se haya denegado el privilegio. Atendido el escrito, el 20 de junio de 2025, el DRA denegó la solicitud de reconsideración.[5]

Aún insatisfecho, el 16 de julio de 2025, el recurrente presento el recurso de epígrafe, en el cual, constantemente hace alusión a que la JLBP erró al denegarle el privilegio de libertad bajo palabra y que aplicó un reglamento que no estaba vigente. Particularmente, formuló los siguientes señalamientos de error:

> **Erró el Departamento de Corrección y Rehabilitación en no enviar un informe o carta a la Junta de Libertad Bajo Palabra cuando recibió la**

---

[2] *Véase* Entrada Núm. 3 de SUMAC, en las págs. 1-2.
[3] Id., págs. 3-4.
[4] Id., págs. 5-6.
[5] *Véase*, Entrada Núm. 2 de SUMAC, en las págs. 1-2.

> ***Resolución* solicitando una enmienda ya que la *Resolución* se basó en el Reglamento 9603-24 lo cual establece que el proceso fue ilegal ya que la documentación fue sometida por el Reglamento 9232-2020 el cual estaba vigente anejo 5.**

> **Erró el Departamento de Corrección y Rehabilitación en permitir que la Junta de Libertad Bajo Palabra realizara un proceso totalmente ilegal y mantuvo silencio [sobre] la [sic] ilegabilidad en el proceso, no cuestionaron ni a través de una carta la violación a la ley y al violar las leyes ex post facto.**

## II.

### -A-

La jurisdicción es la autoridad que posee un tribunal o un foro administrativo para considerar y adjudicar determinada controversia o asunto. *Pérez López y otros v. CFSE*, 189 DPR 877, 882 (2013). La falta de jurisdicción trae consigo las consecuencias siguientes:

> (a) no es susceptible de ser subsanada; (b) las partes no pueden voluntariamente conferírsela a un tribunal, como tampoco puede este arrogársela; (c) conlleva la nulidad de los dictámenes emitidos; (d) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (e) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso; y (f) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu propio. *MCS Advantage, Inc. v. Fossas Blanco,* 211 DPR 135, 145 (2023).

A tono con lo anterior, nuestro Tribunal Supremo ha expresado que los tribunales **"debemos ser celosos guardianes de nuestra jurisdicción", por lo que tenemos la indelegable labor de auscultarla, incluso cuando ello no se nos haya planteado**. (Énfasis nuestro). *Yumac Homa v. Empresas Masso*, 194 DPR 96,104 (2015). Así pues, "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *Perez Lopez y otros v. CFSE,* supra, pág. 883. Ello, ya que los tribunales no tenemos discreción para asumir jurisdicción donde no la tenemos. *Yumac Home v. Empresas Masso*, supra, pág. 103.

Cuando este Foro carece de jurisdicción, procede la inmediata desestimación del recurso apelativo. *Freire Ruiz v. Morales Román*, 2024 TSPR 129, 214 DPR ____ (2024).

De otra parte, un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. Íd. Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio*, un recurso prematuro o tardío por carecer de jurisdicción.

**-B-**

La Sección 3.15 de la Ley Núm. 38-2017, según enmendada, conocida como la *Ley de Procedimiento Administrativo del Gobierno de Puerto Rico*, 3 LPRA sec. 9655 (LPAUG) preceptúa lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. (Énfasis suplido)

> […]

Por su parte, la Sección 4.2 de la LPAUG, 3 LPRA sec. 9672, contempla la revisión judicial de las decisiones administrativas finales ante este foro intermedio y establece lo siguiente:

[u]na parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. (Énfasis nuestro).

Dicho término de treinta (30) días para solicitar la revisión judicial ante este Tribunal es uno jurisdiccional, es decir, es improrrogable, fatal e insubsanable, y, por ende, no puede acortarse y tampoco es susceptible de extenderse. *Assoc. Condomines v. Meadows Dev.*, 190 DPR 843, 847 (2014).

### III.

Es harto sabido que las cuestiones relativas a la jurisdicción de un tribunal para atender ciertas controversias deben resolverse con preferencia. Por consiguiente, de entrada, resolvemos que este Tribunal de Apelaciones carece de jurisdicción para atender la controversia que nos ocupa.

En el caso de autos, el 28 de abril de 2025, la JLBP notificó la *Resolución* mediante la cual denegó al señor Quiñones el privilegio de libertad bajo palabra por las razones esbozadas allí. Así, en la cuarta página de dicho dictamen formuló las siguientes advertencias:

La parte afectada, por la presente resolución, podrá radicar ante la Junta de Libertad Bajo Palabra, una reconsideración de la misma, dentro del plazo de veinte (20) días, contados a partir de la fecha en que le fue notificada. Dicha solicitud de reconsideración, deberá presentarse por escrito, consignando claramente la palabra *Reconsideración* como título y en el sobre de envío.

[…]

De no optar por el procedimiento de reconsideración ante la Junta de Libertad Bajo Palabra, la parte afectada podrá, dentro del término de treinta (30) días,

contados a partir de la fecha del archivo en autos de esta resolución, presentar un recurso de revisión judicial ante el Tribunal de Apelaciones.

Estas advertencias están fundamentadas en lo dispuesto por las Secciones 3.15 y 4.2 de la LPAUG, *supra*, las cuales establecen con claridad los términos para la presentación de una solicitud de reconsideración o de un recurso de revisión judicial. Particularmente, la Sección 3.15 de la LPAUG, *supra*, dispone que una parte adversamente afectada por una determinación final de una agencia tiene un término de veinte (20) días desde la notificación para presentar una moción de reconsideración. Alternativamente, la Sección 4.2 de la LPAUG, *supra*, establece que una parte adversamente afectada por una determinación final puede presentar una revisión judicial ante el Tribunal de Apelaciones dentro de un término de treinta (30) días, contados a partir de la notificación de la resolución final.

Tal como se estableció, el señor Quiñones fue debidamente advertido de estas vías procesales. No obstante, no presentó ninguno de los recursos correspondientes dentro de los términos dispuestos por ley. En su lugar, el 27 de febrero de 2025, presentó una *Solicitud de Remedio Administrativo* ante la DRA, mediante el cual, impugnó el vencimiento de su evaluación psicológica y solicitó a la señora Rodríguez llevar a cabo acciones correctivas para que la JLBP enmendara su *Resolución*. Así, la única moción de reconsideración que presentó el recurrente era en cuanto a dicha solicitud. De los autos no surge moción alguna referente a la *Resolución* emitida por la JLBP.

Dicho esto, aun tomando en consideración aludida reconsideración para los efectos del dictamen como quiera resultaba tardía. La *Resolución* de la JLBP fue notificada al señor Quiñones el 28 de abril de 2025 mientras la solicitud de reconsideración se presentó el 9 de junio de 2025. Entre ambas

fechas transcurrieron cuarenta y dos (42) días, por lo que, excede el término de veinte (20) días dispuesto por ley para presentar una moción de reconsideración. Sección 3.15 de la LPAUG, *supra*. Ante ello, dicha solicitud tampoco tuvo el efecto de interrumpir el término para acudir en revisión judicial. Por lo cual, habiéndose presentado el recurso de epígrafe el 16 de julio de 2025, ha transcurrido ciento sesenta y uno (161) días, en exceso de los treinta (30) días establecidos por la Sección 4.2 de la LPAUG, *supra*.

Es norma reiterada que la jurisdicción constituye la autoridad legítima que tiene un foro para considerar y adjudicar una controversia. La ausencia de jurisdicción es un defecto insubsanable que no puede ser conferido por las partes ni arrogado por el tribunal, e impone a los foros judiciales el deber de examinarla *motu propio* en cualquier etapa del procedimiento. Véase *Pérez López y otros v. CFSE*, supra, pág. 882; *MCS Advantage, Inc. v. Fossas Blanco*, supra, pág.145; Y*umac Homa v. Empresas Masso*, supra, pág. 104. En efecto, nuestro Tribunal Supremo ha reiterado que "las cuestiones jurisdiccionales deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción, lo único que puede hacer es así declararlo". *Pérez López y otros v. CFSE*, supra, pág. 883.

Asimismo, un recurso presentado de forma prematura o tardía priva insubsanablemente al foro revisor de jurisdicción y autoridad para considerar el caso. Tales recursos no producen efecto jurídico alguno. *Torres Martínez v. Torres Ghigliotty*, supra, pág. 98. En armonía con lo anterior, este Tribunal puede desestimar *motu propio* un recurso prematuro o tardío por falta de jurisdicción. *Freire Ruiz v. Morales Román*, supra.

Por tanto, siendo evidente que el señor Quiñones no presentó oportunamente ni una solicitud de reconsideración ni un

recurso de revisión judicial conforme a derecho, y que optó en su lugar presentar una solicitud de remedio administrativo ante la DRA, este Tribunal de Apelaciones carece de autoridad para considerar el recurso presentado. En consecuencia, procede decretar la desestimación inmediata del caso que nos ocupa por falta de jurisdicción.

## IV.

Por los fundamentos antes esbozados, ***desestimamos*** el recurso por falta de jurisdicción debido a su presentación tardía.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones